NATHANIEL W. MORSE, executor, in equity *vs.* MARY J. MORRELL, and others.

Cumberland.    Opinion July 19, 1889.

*Devise.    Trust.    Income.    Life estate.    Discretion of Trustee.*

A testator gave his son and daughter his dwelling-house, during their respective lives, in common and undivided, to be held under the sole control of his executor in trust, and to keep the house in good repair, pay the insurance, water rates, taxes and other necessary expenses from the income of said real estate, and from any personal property he might leave; the balance of income therefrom to be equally divided between the son and daughter.  Upon the death of either, he gave to the survivor, to have and to hold for his or her life, the portion of said dwelling-house devised for life, as aforesaid, so that the survivor, after the death of the other, should take the whole of the dwelling-house for his or her life; and upon the death of the survivor, he gave the whole of the dwelling-house, in equal shares, in fee simple, as their absolute property, to his two granddaughters.

*Held*, that it was the intention of the testator to secure the net income of this real estate, by means of a trust, for his son and daughter, during the natural life of the survivor of them; that the real estate was devised in trust to continue during the natural life of the survivor of said children; the net income thereof to be divided equally between them so long as both live, and upon the death of one to be paid to the survivor during life.

*Held, also*, that the personal property, in the hands of the executor, was devised in aid of the principal trust, to be discreetly used and applied by the trustee, so that the net income from the real estate may be maintained at as high and uniform yearly sum, for payment to the *cestuis*, as possible.

Besides the real estate of the testator, appraised at $3000.00, he had a deposit of about $500.00 in the savings bank, and an assignment of the interests of two living members of a relief society.  To keep such interests alive so that upon the death of the members something could be realized by the executor, in the nature of life insurance, assessments from time to time were required to be paid.  *Held*, that as to the advisability of continuing such payments, the trustee should decide, having in mind all the circumstances of the case; and that his decision, made by him in good faith, is conclusive.

ON REPORT.

Bill in equity by the executor of the will of Peter W. Morrell, of Portland, for its construction by the court under the provisions of R. S., c. 77, § 6, par. 7, and for its instructions as to the

manner of administering the trust expressed therein; also a question of investment.

The property consists of a dwelling-house and lot, situated in Portland, appraised at $3,000; deposit No. 32,256 in Maine Savings Bank, $535.17; claim of the testator, as assignee of two members, still living, in the Citizens' Mutual Relief Society, of Portland, and on which the complainant has paid as assessments, since the testator's death, $208.00. The largest sum which can be realized from these two claims or relief assignments, is represented to be $1,800.

The questions presented for the decision of the court, arose from the following clause in the will:

"I give and devise my son Edwin Morrell and daughter Mary Jane Morrell, during their respective lives, my dwelling-house and land, on the corner of Congress and Hampshire streets in said Portland, to be held in common and undivided. Said property to be held under the sole control of the executor of this will, hereinafter nominated, who is to hold the premises in trust and to keep the house in good repair, pay insurance, water rates, taxes and other necessary expenses from the income of said real estate and from any personal property I may leave at my decease; and the balance of income therefrom to be equally divided with my said son and daughter; and upon the death of either of them, I give and devise to the survivor to have and to hold for his or her life, the portion of said dwelling-house devised for life, as aforesaid, to the one deceased, so that the survivor may, after the death of the other, take and hold the whole of said dwelling-house for his or her life; and upon the death of said survivor, I give and devise the whole of said dwelling-house, in equal shares, in fee simple, as their absolute property, to my two granddaughters, Alice E. Morrell and Mary F. Morrell."

The bill alleges that doubts have arisen and exist concerning the construction of the will, in the following particulars, to wit:

First. Whether the express trust as to said real estate terminates upon the death of either the said Edwin Morrell or Mary Jane Morrell, or whether such trust continues until the death of the survivor of them, the said Edwin and Mary Jane.

Second.    Whether a trust is implied upon the personal estate for the benefit of the real estate or otherwise; and, if yea, to determine the extent and mode of executing such trust.

In the second particular it appeared that the testator's two children, as heirs at law, have petitioned the probate court for Cumberland county, praying for a distribution to them, as such heirs, of said specific sum of $535.17, and from the decree of the court they have taken an appeal which is pending.

The bill also alleges that the claims of the testator as assignee of the two memberships in the Citizens' Mutual Relief Society impose upon the estate the burden of paying such assessments as said society duly lays, and makes from time to time, during and on account of the memberships thus assigned; it also prayed in this matter specially that the court would determine the expediency of making a change of such investments, by selling or otherwise disposing of them, as to the court may seem wise and best.

The bill concludes as follows:

"And your orator especially avers that as to each and all the aforesaid doubts, controversy and matters this bill of complaint is by him brought as an amicable bill under the provisions of paragraph VII, § 6, c. 77, of the Revised Statutes of said state of Maine, and in behalf of your orator as well as all other parties in interest.    Wherefore, your orator prays your Honors to determine the construction of said will in the particulars herein stated, also to determine the expediency of making a change in such investments by testator in said insurance claims; and that your Honors will make such other and farther orders and decrees in the premises as to equity shall pertain and to your Honors shall seem meet."

The respondents are the two children and the grandchildren named in the will of the testator.

*S. C. Strout, H. W. Gage* and *C. A. Strout*, for the granddaughters.

No special words necessary to create a trust.    Courts will imply an estate in a trustee where the evident intention of the testator demands it.    Perry's Trusts, (2d ed.) § 313.    The trustee

Morse took an estate sufficient to effectuate the purpose of the trust and the intention of the testator. *Doe* v. *Considine*, 6 Wall. 458, 471 and citations; Perry's Trusts, (2d ed.) § 320; Jarman's Wills, 5 Am. Ed., vol. 3, p. 56, *et seq.* He therefore took an estate for the lives of testator's two children subject to vested remainder in the granddaughters. Testator intended to preserve the real estate for his granddaughters and that it should come to them in good repair, taxes paid, and covered by insurance during the lives of his children, Edwin and Mary Jane. Trust did not terminate at the death of one of the children, otherwise the survivor might impair the property by neglecting to repair, pay taxes, or failing to insure.

A trust is implied upon the personal estate. The charges for repairs, taxes, water rates and insurance are to be paid "from the income of said real estate and from any personal property I may leave at my decease; and the balance of income therefrom to be equally divided with my said son and daughter." The personal estate must be held in trust to respond at any time as the income of the real estate may be uncertain. Personal property with real estate and upon the same trusts, is held as the real estate is. R. S., c. 73, § 13. The division of the income, if any, of the personal estate with the children does not, in any way, affect the trust upon the personal property for the benefit of the real property.

*J. J. Perry*, for the son and daughter, cited Bouv. Law Dict., vol. 2, p. 570, "take." To hold, is to keep, to retain. While the two children were living, the executor holds the premises in trust. If either dies, then the "survivor takes and holds the whole of said building." Such is the language of the will and the testator's intention. *Orr* v. *Moses*, 52 Maine, 287. No trust is implied on the personal estate. The intention of the testator is to be gathered from what he says and facts stated in the bill. *Morton* v. *Barrett*, 22 Maine, 257; *Deering* v. *Adams*, 37 Id. 264; *Shaw* v. *Hussey*, 41 Id. 495. Testator knew there would be an income from the house over and beyond its running expenses; otherwise the testator's devise to his children was worthless and a sham. The balance of income "therefrom" has no reference to personal

property. By leaving out the clause, "and from any personal property I may leave at my decease," a clause interjected by the scrivener, not an expert, we have a perfect will.

The annual settlements of the executor show . a balance of income from the real estate averaging $288.00 per annum, which negatives the idea that the personal estate should be held in trust for the benefit of the real estate. Hence the specific sum of $535.17 not being disposed of by will should be distributed to the son and daughter as heirs at law.

The court should advise the executor to turn over the relief claims to the children for a nominal sum, and let them dispose of them as they please. · They are the legal heirs. No other person has any interest in them, as they are not disposed of by the will. The grandchildren are nominal parties only to the bill, and have no interest in these claims.

HASKELL, J. It was clearly the intention of the testator to secure the net income of his real estate, by means of a trust, for his own son, Edwin, and daughter, Mary Jane, during the natural life of the survivor of them.

We are of opinion, therefore, that the testator's real estate was devised in trust to continue during the natural life of the survivor of said children; the net income thereof to be divided equally between them so long as both live, and upon the death of one to be paid to the survivor during life.

It was clearly the intention of the testator, also, to increase the net income of his real estate, by directing that the small amount of personal estate that he might leave should be applied in aid of the principal trust, by paying necessary charges incident to its proper administration.

We are of opinion, therefore, that the personal property of the testator now in the hands of the executor, was devised in aid of the principal trust, to be discreetly used and applied by the trustee, so that the net income from the real estate may be maintained at as high and uniform yearly sum, for payment to the *cestuis,* as possible.

As to the advisability of continuing the payments necessary to

secure any benefit, arising from a relief society upon the death of members, to which the testator had acquired a right, the court considers that the trustee should decide, having in mind all the circumstances of the case, and that any decision made by him in good faith shall be conclusive.

The actual disbursements of this proceeding and twenty-five dollars each to the two counsel, who have submitted arguments, should be paid by the executor from the personal estate.

*Decree accordingly.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.